## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JAMES WEBB,**
**Claimant Below, Petitioner**

**FILED**
December 20, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0458** (BOR Appeal No. 2046423)
(Claim No. 2010136112)

**CONSOL OF KENTUCKY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James Webb, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consol of Kentucky, Inc., by Gary W. Nickerson, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 21, 2012, in which the Board affirmed a September 13, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 21, 2010, decision rejecting Mr. Webb's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Webb worked as a shuttle car operator for Consol of Kentucky, Inc. from 2005 to 2009. Dr. Lafferty diagnosed Mr. Webb with occupational bilateral carpal tunnel syndrome from repetitive stress to the carpal tunnel on March 16, 2010. Mr. Webb filed an application for workers' compensation benefits for carpal tunnel syndrome on May 26, 2010. Dr. Martin determined that Mr. Webb's employment as a shuttle car operator was not the cause of his bilateral carpal tunnel syndrome. The claims administrator denied Mr. Webb's application and stated that Dr. Lafferty is not an approved provider.

1

The Office of Judges affirmed the claims administrator's July 21, 2010, decision and held that Mr. Webb failed to show that he sustained carpal tunnel syndrome in the course of and as a result of his employment. Mr. Webb disagrees and asserts that he has demonstrated by a preponderance of the evidence that the repetitive and continuous nature of his work caused his bilateral carpal tunnel syndrome. A nerve conduction study on April 7, 2010, indicated results consistent with moderate bilateral carpal tunnel syndrome, affectomg both sides equally. On March 10, 2011, Dr. Martin performed a medical records review and reported that Mr. Webb had bilateral carpal tunnel syndrome. However, Dr. Martin reported that the nerve conduction study dated April 7, 2010, consisted of one page of interpretation and that it did not meet the generally recognized criteria for such reports. He stated the report did not contain enough information to show if the test was performed accurately and with appropriate safeguards.

Dr. Martin opined that Mr. Webb's employment as a shuttle car operator was not the cause of his bilateral carpal tunnel syndrome. The Office of Judges found Dr. Martin's evidence persuasive. The Office of Judges noted that Dr. Martin based his determination on two factors. First, even though Mr. Webb described doing different activities with each hand, the EMG showed that both hands were equally affected with carpal tunnel syndrome. Second, Dr. Martin opined that Mr. Webb's work duties were not compatible with those that increase the risk of carpal tunnel syndrome. The Office of Judges found that Dr. Lafferty was not an approved provider and held that Mr. Webb failed to show that he sustained carpal tunnel syndrome in the course of and as a result of his employment. The Board of Review reached the same reasoned conclusions in its decision of March 21, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 20, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II